**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

In the Matter of:

Michael Dean Larsen, a/k/a
Mike Larsen,
Kimberly Kay Larsen,
d/b/a Larsen Painting                                    Case No. 09-00219-lmj7

                         Debtors                      Chapter 7

Farmers & Merchants State Bank,                          Adv. Pro. 09-30054-als

                         Plaintiff

       v.

Michael Dean Larsen,
Kimberly Kay Larsen,
Deborah L. Petersen

                         Defendant(s)

**MEMORANDUM OF DECISION
(date entered on docket: March 10, 2010)**

      Plaintiff, Farmers & Merchants State Bank, requests a determination of the validity, priority and extent of its lien related to various pre-petition loans, security interests and financing statements involving the Debtors, Michael and Kimberly Larsen. The Debtors deny that the Bank is properly secured. Deborah L. Peterson, the chapter 7 trustee, asserts an interest in accounts receivable that is superior to the Bank's. This adversary proceeding came before the Court at a Telephonic Scheduling Conference on November 3, 2009. At the time of this hearing, the parties agreed that the matter could be submitted based upon stipulated facts and simultaneous briefs. A Status Conference was conducted by

the Court on February 16, 2010 to clarify information related to the undisputed facts and exhibits filed by the parties. The matter is now fully submitted.

The Court has jurisdiction in this core proceeding pursuant to 28 U.S.C. sections 1334(b) and 157(a)-(b)(2). Upon review of the stipulated facts and briefs submitted, this Order is entered setting forth the Court's findings and conclusions of law in accord with Federal Rule of Civil Procedure 52 made applicable by Federal Rule of Bankruptcy Procedure 7052.

The undisputed facts agreed to by the parties are as follows:

1. At the time of the bankruptcy filing the Debtors had three loans with the Bank.

2. Loan Number 816131 was executed by Kim K. Larsen and is unsecured in the amount of $10,654.54.

3. Loan Number 519190 dated July 12, 2007 was executed along with a security agreement by Kim Larsen. The Borrower's name on the loan document is shown as "Mike Larsen Painting". A signature line exists for Mike Larsen on the loan document which is blank and not executed. The document indicates that the loan is subject to a U.C.C. financing statement filed on March 16, 2006. The outstanding balance on this loan at the time of the bankruptcy filing was $8,520.33.

4. Loan Number 518220 dated January 5, 2007 was executed along with a security agreement by Mike Larsen. The Borrower identified on the loan document is "Mike Larsen." The document indicates that the loan is subject to a

U.C.C. financing statement filed on March 16, 2006. The outstanding balance on this loan on the bankruptcy filing date was $17,041.64.

5. A financing statement was filed with the Iowa Secretary of State in the name of Mike D. Larsen on March 16, 2006 which described a broad range of collateral, including equipment and accounts receivable.

6. The accounts receivable have been valued in the amount of $19,834.00 on the date of the bankruptcy filing.

7. The trustee has collected the amount of $8,692.00 from the receivables.

8. Equipment, tools and supplies subject to the security interest asserted by the Bank are valued by the parties at $5,900.00.

9. The Debtor's legal name is Michael D. Larsen.

## *DISCUSSION*

This adversary proceeding was filed by Farmers & Merchants State Bank ("Bank") for a determination of the priority, validity and extent of its lien against business equipment and accounts receivable. The parties dispute whether Loan Numbers 519190 and 518220 are properly perfected by the financing statement (UCC-1) filed under the Iowa Uniform Commercial Code in the name of Mike D. Larsen. The Defendants assert that the Bank's financing statement is seriously misleading because the Debtor's legal name is not utilized on the financing statement. The single issue to be determined is whether the Bank holds a perfected and enforceable security interest in the collateral that is superior to the interest of the chapter 7 trustee.

The Uniform Commercial Code underwent substantial revision in 1999. Iowa adopted changes to its Uniform Commercial Code to conform to the new provisions, including amendments to Article 9, Secured Transactions, which governs the issue in this proceeding. Iowa Code §§ 554.9101-554.9710 (2009).

A security interest attaches and becomes enforceable when three conditions are met: (1) The collateral is in the possession or under control of the secured creditor, or the debtor has signed a security agreement which contains a description of the collateral; (2) value has been given; and (3) the debtor has rights in the collateral. Iowa Code § 554.9203(2) (2009). Attachment and perfection of a security interest are separate and discrete procedures. In its brief, the Bank asserts that its interest was perfected automatically upon attachment pursuant to Iowa Code § 554.9309(2). This Code provision provides that a security interest is perfected upon attachment for an assignment of account or payment intangibles. An *assignment* contemplates a transfer of the collateral. Black's Law Dictionary (8th ed. 2004). Such a transfer of the accounts receivable is not evident from the facts submitted by the parties. The transaction involving the Debtors is not subject to any of the circumstances articulated at Iowa Code § 554.9310 which would except the Bank from the requirement of filing a financing statement to perfect its lien.

To be effective, the financing statement must contain sufficient information, including the name of the debtor, the name of the secured party and a description of the collateral covered by the filing. Iowa Code § 554.9502(1) (2009). The Code allows for mistakes in the information contained on the

financing statement as long as such errors do not render the financing statement "seriously misleading". Iowa Code § 554.9506 (2009). Failure to set forth *the debtor's name* is seriously misleading if a search of the official records using the *debtor's correct legal name* within standard search logic parameters does not disclose the financing statement. Iowa Code §§ 554.9506(2)(3) (2009) (emphasis added). The correct name is crucial to both the creation, and search, of the official index. 4 White & Summers, Uniform Commercial Code, § 31-12(a) (6th ed. 2010). "If the debtor's name is wrong, the index may be wrong and subsequent parties thus misled." Id.

The Bank urges a determination that the filing under the name of Mike D. Larsen, rather than the Debtor's correct legal name is subject to a safe harbor protection as a minor error or omission. Iowa Code § 554.9506(1) (2009). No statement is contained in the stipulated facts submitted by the parties that sets forth the results of a search at the Iowa Secretary of State using either the Debtor's legal name of Michael D. Larsen or Mike D. Larsen. The Defendants' brief indicates that "entering the Debtor's legal name of Michael D. Larsen, does not yield the result of the UCC of the Bank." (Docket No. 23, Page 2.) The Bank does not dispute this conclusion in any of its filings.

The Eighth Circuit addressed the seriously misleading standard under the previous version of Article 9, which also used the "seriously misleading" standard for the sufficiency of the financing statement, and established a "searcher would be reasonably likely to find the filing" test for whether or not the name on the financing statement is "seriously misleading." See Allstate Fin. Corp. v. United

States, 109 F.3d 1331, 1333 (8th Cir. 1997); In re Knudson, 929 F.2d 1280, 1284 (8th Cir. 1991). Adoption of this position would result in a return to a standard developed under the former statute, and would ignore the intent of the current Code requirements. "Revised Article 9 requires more accuracy in filings, and places less burden on the searcher to seek out erroneous filings." In re Summit Staffing Polk County, Inc., 305 B.R. 347, 354 (Bankr. M.D. Fla. 2003)

Several courts have addressed the issue of the use of the debtor's legal name versus a shortened name format or "nickname" under the current Uniform Commercial Code. The majority of Courts addressing this issue have held that use of any name other than the debtor's legal name is seriously misleading which renders the financing statement ineffective. See In re Kinderknecht, 308 B.R. 71 (B.A.P.10th Cir. 2004); In re Borden, 353 B.R. 886 (Bankr. D. Neb. 2006); In re Jones, No. 06-5015, 2006 WL 3590097 (Bankr. D. Kan. Dec. 7, 2006); In re Berry, No. 05-5755, 2006 WL 3499682 (Bankr. D. Kan. Dec. 1, 2006); Pankratz Implement Co. v. Citizens Nat'l Bank, 130 P.3d 57 (Kan. 2006). Three decisions were located that reached a contrary conclusion. See Peoples Bank v. Bryan Bros. Cattle Co., 504 F.3d 549 (5th Cir. 2007); Nazar v. Bucklin Nat'l Bank (In re Erwin), No. 02-10227, 02-5176, 2003 WL 21513158 (Bankr. D. Kan. June 27, 2003). The third decision is distinguished by its facts. In the case of In re Laursen, which involved perfection of a vehicle title lien, the court found that a misspelling of debtor's name on a certificate of title did not result in a lack of perfection. 391 B.R. 47 (Bankr. D. Idaho 2008). The analysis focused on the ability to alternatively search the state's department of transportation records

under the vehicle identification number which disclosed the lien.  Id.  The Court noted that a different result may be mandated when only a debtor's name is utilized in the search process.  Id. at 50.

Based upon the foregoing, the court finds:

1. Loan Number 816131 is unsecured.

2. Loan Number 519190 is not properly perfected due to the fact the record does not provide a financing statement filed under the name of the borrower or the individual executing the note.

3. Loan Number 518220 is secured.  However, the financing statement filed in the name of Mike D. Larsen is seriously misleading.  Accordingly, the security interest of the Bank is not superior to the interest of the chapter 7 trustee.

IT IS THEREFORE ORDERED that the Bank's interest in the accounts receivable does not have priority over the interest asserted by the chapter 7 trustee.

                                                  /s/ Anita L. Shodeen
                                                  Anita L. Shodeen
                                                  U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Adversary Proceeding